**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Michael Phillip PIRO,**
**Defendant-Appellant.**

**No. 82CA1135.**

Colorado Court of Appeals,
Division 3.

Oct. 13, 1983.

mother entered into a sexual relationship with the defendant and his wife.

During September 1980, the defendant, his wife, and the child's mother agreed that the child was old enough to be introduced into their sexual activities. In the presence of the mother, the defendant then subjected the child to sexual intercourse. The child testified that she was a virgin at the time.

Thereafter, the defendant engaged in sexual intercourse with the child once every two or three days. Upon occasion the child would perform fellatio upon the defendant and at times the defendant would subject the child to cunnilingus. The child testified that during this period of time she became infatuated with the defendant.

In January 1981, the illicit relationship between the child and these adults came to the attention of the authorities. The defendant, his wife, and the child's mother were charged with sexual assault on a child and conspiracy to commit sexual assault on a child. The defendant's case was severed from that of his wife and the child's mother.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Law Offices of John G. Salmon, P.C., Donna A. Salmon, Denver, for defendant-appellant.

BABCOCK, Judge.

The defendant, Michael Phillip Piro, appeals the judgments of conviction entered upon jury verdicts finding him guilty of sexual assault on a child and conspiracy to commit sexual assault on a child. He also seeks appellate review of the propriety of the sentence imposed by the trial court upon the judgment of conviction for sexual assault on a child. We affirm the convictions, but remand for resentencing.

During the summer of 1980, the victim, her sister and her mother moved into the home of the defendant and his wife. The victim was then 13 years of age. The

I.

The defendant contends that the trial court abused its discretion in denying his motion to compel a psychiatric examination of the child. He argues that an independent psychiatric examination was necessary in order to determine her competency to testify.

A trial court's determination of the competency of a witness is aided by the presumption that the witness is competent to testify. *People v. Coca,* 39 Colo.App. 264, 564 P.2d 431 (1977); § 13–90–101, C.R.S. 1973. Section 13–90–106, C.R.S.1973, provides that persons who are of "unsound mind" at the time of their production for examination may not testify. And, in determining whether a compelling reason exists for a psychological examination of the witness, the trial court must balance the possible emotional trauma and embarrassment to, or intimidation of, the witness against the likelihood of the examination

producing relevant, as distinguished from speculative, evidence. *People v. Estorga,* 200 Colo. 78, 612 P.2d 520 (1980); *People v. King,* 41 Colo.App. 177, 581 P.2d 739 (1978).

■ At the hearing on the motion the defendant argued that the examination was necessary because the child did not initially report the incident to the authorities, the child had allegedly made false reports of improper sexual conduct in the past, the child was undergoing therapy, and her testimony at the preliminary hearing was inconsistent with the report which she gave to the investigating officer. The trial court found that the adverse effects upon the child outweighed the prospect of producing relevant evidence and concluded that there was no compelling reason to order an involuntary psychiatric examination. We agree.

The child's testimony was corroborated by other witnesses. The fact that the child was under the care of a psychologist was merely one factor for the court to consider and does not necessarily affect the child's competency to testify. *People v. Middleton,* 38 Ill.App.3d 984, 350 N.E.2d 223 (1976). Moreover, the alleged inconsistencies in her testimony, while not a part of the record before us, were issues of credibility and not competency. *See People v. Norwood,* 37 Colo.App. 157, 547 P.2d 273 (1975). Finally, the trial court conducted an *in camera* hearing before the child testified at trial, and in that hearing it determined that the witness was competent and did not fall within the exclusion of § 13–90–106, C.R.S.1973. The trial court's determination in this regard is fully supported by the record.

■ Following defendant's trial his wife was granted immunity and the charges against her were dismissed. The defendant asserts that he was denied a fair trial because the prosecution unfairly deprived him of alleged exculpatory testimony of his wife, a co-defendant, by delaying the grant of immunity and dismissal of the charges against her until five days after he was convicted. The alleged prosecutorial misconduct was not included within a timely filed motion for new trial. Defendant has not demonstrated that his substantial rights were prejudiced by his wife's failure to testify. Therefore, there is no plain error. *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972); Crim.P. 33; Crim.P. 52(b).

II.

The trial court imposed a sentence of two years for conspiracy to commit sexual assault on a child, to be served concurrently with a sentence of eight years for sexual assault on a child. The sentence of eight years exceeded the presumptive range of two to four years for a class 4 felony but was within the range permitted by § 18–1–105(6), C.R.S.1973 (1982 Cum.Supp.).

■ On review, the defendant contends that the eight year sentence for sexual assault on a child was excessive. We conclude that the sentence for sexual assault on a child is not adequately supported by the record. Therefore, we remand for further proceedings.

The only findings of the trial court in imposing the eight year sentence consisted of the recitation of three circumstances which the court deemed to be extraordinarily aggravating: 1) the defendant had developed a rapport with the child solely for the purpose of taking advantage of her sexually; 2) the child had been sexually assaulted by the defendant not once, but on an average of once every two or three days for approximately four months; and 3) the victim had been "robbed" of her childhood by the defendant.

Section 18–1–105(1)(b), C.R.S.1973 (1982 Cum.Supp.) provides in pertinent part that in imposing a sentence within the presumptive range "the court shall consider the nature and elements of the offense, the character and record of the offender, and all aggravating or mitigating circumstances surrounding the offense and the offender." And, a sentence outside the presumptive range may be imposed if "extraordinary mitigating or aggravating circumstances are present." Section 18–1–105(6), C.R.S. 1973 (1982 Cum.Supp.).

The factors set forth in § 18–1–105(1)(b), C.R.S.1973 (1982 Cum.Supp.) are necessarily

interrelated, *People v. Scott,* 200 Colo. 365, 615 P.2d 35 (1980), each must be weighed by the trial court, *People v. Cohen,* 617 P.2d 1205 (Colo.1980), and no one of these factors should be emphasized to the exclusion of the others. *People v. Martinez,* 628 P.2d 608 (Colo.1981).

In the context of § 18–1–105(6), C.R.S. 1973 (1982 Cum.Supp.), extraordinary mitigating or aggravating circumstances have been construed to mean that among the factors the trial court may weigh and consider are unusual aspects of the defendant's character, past conduct, habits, health, age, the events surrounding the crime, pattern of conduct which indicates whether he is a serious danger to society, past convictions, and the possibility of rehabilitation. *People v. Phillips,* 652 P.2d 575 (Colo.1982).

In recognition of the discretionary nature of the sentencing decision and the wide latitude invested in the trial court in reaching its sentencing decision, the trial court is required to state on the record the basic reasons for imposing a sentence in a particular case. *People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980). There is no ritualistic format for placing in the record the trial court's justification of the imposed sentence; however, appellate review of the propriety of a sentence outside the presumptive range requires sufficient findings by the trial court to demonstrate a threshold consideration of the factors set forth in § 18–1–105(1)(b), C.R.S.1973 (1982 Cum. Supp.), supplemented by sufficient findings pursuant to § 18–1–105(6), C.R.S.1973 (1982 Cum.Supp.).

Our determination of whether a sentence is intrinsically unfair or excessive requires consideration of its propriety or fairness within the context of the nature of the offense, the character of the offender, and the public interest. Section 18–1–409(1), C.R.S.1973 (1978 Repl.Vol. 8); C.A.R. 4(c); *People v. Martinez, supra; People v. Scott, supra.*

At the sentencing hearing, the court had before it a comprehensive presentence report. The record reflects numerous mitigating factors bearing upon the history and character of the defendant and the present circumstances of the victim. Here, the trial court made specific findings concerning the nature of the defendant's crime and its effect upon the victim. However, the record is devoid of any finding indicating that the trial court considered the character of the defendant. And, while we may speculate that the trial court believed that the sordid nature of the offense and the deterrent effect of the sentence outweighed other relevant sentencing factors the record is insufficient for us to make this determination on review. We do not hold that the eight year sentence for sexual assault on a child is necessarily inappropriate. We conclude, however, that the trial court's findings are insufficient for us to make a determination as to the fairness of the sentence.

Although the defendant does not appeal the propriety of the sentence imposed for conspiracy, on remand, the trial court should have full flexibility as to resentencing upon both convictions, since they arise from the same incident. *People v. Martinez, supra.*

The judgments of conviction are affirmed. The cause is remanded with directions to vacate the defendant's sentences and for rehearing upon the issue of sentencing.

TURSI, J., concurs.

STERNBERG, J., concurs in part and dissents in part.

STERNBERG, Judge, concurring in part and dissenting in part.

I concur in Part I of the majority opinion, but dissent to Part II which remands the case for resentencing and entry of more specific findings to explain the basis for the sentence imposed.

As in all cases dealing with disputed issues, in imposing a sentence a trial judge must make findings that are sufficiently explicit to inform the appellate court of its reasons for arriving at a result. In *People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980), it was stated, "the sentencing judge

[must] state on the record the basic reasons for imposing the sentence." In my view, the court did so.

I do not read *People v. Watkins, supra,* as requiring a sentencing judge to place on the record the inner workings of his mind showing how he balanced mitigating factors against aggravating ones. Thus, I believe the majority errs in requiring a ritualistic, Rule 11-type, recitation of all factors to be considered in sentencing. Rather, it is enough if, as here, the judge informs the appellate court of the reason he sentenced as he did.

The reasons the trial judge imposed this sentence are stated in the majority opinion. To me, imposition of this sentence was justified by the trial court's finding that, "the child had been sexually assaulted by the defendant not once, but on an average of once every two or three days for approximately four months." This extended course of criminal conduct directed at the same child victim is an adequate basis for a finding of extraordinary aggravating circumstances justifying a sentence beyond the presumptive range, § 18–1–105(6), C.R.S. 1973 (1982 Cum.Supp.) and also meets the requirements of *People v. Watkins, supra.*

Moreover, the nature and variety of the sexual practices to which the child victim was subjected amply support the trial court's conclusion that the victim had been "robbed" of her childhood. The devastating impact of the defendant's conduct upon the child's normal sexual maturation process also constitutes an extraordinary aggravating circumstance.

In my view, no purpose is served by remanding the case for the trial court to state the obvious, that the nature of the offense was such as to outweigh the mitigating factors presented. Therefore, I would affirm the conviction and the sentence.