The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Philip BUSTAMANTE,
Defendant-Appellant.

No. 84CA0044.

Colorado Court of Appeals,
Div. II.

Dec. 13, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Darol C. Biddle, Pueblo, for defendant-appellant.

STERNBERG, Judge.

The defendant, Philip Bustamante, was charged with the offenses of sexual assault on a child, menacing with a deadly weapon, and false imprisonment. Following entry into a written plea agreement, he pleaded guilty to the lesser included offense of sexual assault on a child without force. The plea agreement set forth the defendant's understanding of the minimum and maximum possible sentences, but contained no agreement as to the specific sentence to be imposed. Concluding that there were extraordinary aggravating circumstances present, the trial court sentenced the defendant to five years imprisonment plus one year parole. The defendant appeals the sentence imposed, and we affirm.

The record indicates that the 26-year-old defendant picked up the 14-year-old victim, together with the defendant's sister and several other people, and drove around in his automobile. After all of the other passengers left his car, the defendant drove the victim to a secluded location where he exhibited a knife and told her "either you give me what I want, or I'll take it and if I have to take it, I may have to kill you." The defendant tried to cut her pants off, following which the sexual assault took place. The defendant denied using a knife during the incident.

The crime to which defendant pleaded guilty is a class four felony, the maximum presumptive sentence for which is two to four years imprisonment plus one year parole. Section 18–1–105(1)(a)(I), C.R.S. (1984 Cum.Supp.). However, if extraordinary aggravating circumstances are found to exist the sentence may be as high as eight years plus one year parole. Section 18–1–105(6), C.R.S. (1984 Cum.Supp.).

The presentence report disclosed that the defendant had no prior felony convictions but that he had been convicted of two misdemeanors, disorderly conduct, and destruction of property, and that he had a "miserable" driving record. In the presentence report it was noted that the victim "will be affected from an emotional standpoint for years to come." The report contained no specific recommendation as to the sentence except that it should be "appropriate," and that if an application for probation were made it should be denied.

When sentencing the defendant the court stated that the main issue was "whether or not a knife was involved." Noting that the defendant denied using a knife during the incident, the court, on supporting evidence, concluded that the defendant did in fact use a knife in perpetrating the offense. The court found the use of the knife to be an extraordinary aggravating circumstance warranting a sentence beyond the presumptive range.

The defendant cites *People v. Piro*, 671 P.2d 1341 (Colo.App.1983) and argues that, because, as in *Piro*, the sentencing judge did not make specific findings relating to all factors listed in § 18–1–105(1)(b), C.R.S., this case must be remanded for resentencing. We do not agree, and decline to follow *People v. Piro, supra.*

In the sentencing statute, § 18–1–105(1)(b) the court is directed to "consider" all of the relevant factors enumerated in the statute. We do not read into that word the further requirement that the statutory guideposts must each be listed or discussed. The defendant's argument would require a sentencing judge to place on the record the inner workings of his mind showing how he balanced mitigating factors against aggravating ones and would require a ritualistic recitation of all factors to be considered in sentencing. *See People v. Piro, supra* (dissenting opinion).

As stated in *People v. Watkins*, 200 Colo. 163, 613 P.2d 633 (1980), "the sentencing judge [must] state on the record the basic reasons for imposing the sentence."

Here, the trial court was faced with the rape of a 14-year-old high school girl by the 26-year-old brother of a school friend of the victim accomplished with the aid of a knife. The sentencing judge stated as clearly as words can that it was the use of the knife that constituted an extraordinary aggravating circumstance thus leading to a sentence of one year beyond the presumptive range. This is all that is required.

The sentence is affirmed.

SMITH and KELLY, JJ., concur.