**The PEOPLE of the State of Colorado, Petitioner,**

v.

**James Marlowe WALKER, Respondent.**

No. 85SC317.

Supreme Court of Colorado,
En Banc.

Sept. 2, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for petitioner.

DiManna & Jackson, Michael F. DiManna, Denver, for respondent.

KIRSHBAUM, Justice.

We granted certiorari to review the unpublished opinion of the Court of Appeals in *People v. Walker*, No. 84CA0751, June 20, 1985, in which the court vacated a sentence imposed by the trial court on the defendant, James Marlowe Walker, for his conviction of sexual assault on a child and remanded the case for sentencing within the presumptive range. We reverse and remand the case to the Court of Appeals with directions to reinstate the sentence imposed by the trial court.

In January of 1983, the defendant was charged by information with one count of sexual assault on a child[1] and one count of second degree kidnapping[2] in case No. 83CR102. The defendant later was charged with three counts of sexual assault on a child in case No. 83CR478. Pursuant to a plea agreement, a third count of sexual assault on a child was filed in 83CR102, the defendant entered a plea of guilty to that count, and all remaining counts in both cases were dismissed.[3]

The offense of sexual assault on a child to which the defendant entered a guilty plea is a class four felony with a presumptive range sentence of two to four years

---

1. Section 18–3–405, 8 C.R.S. (1978 & 1985 Supp.).

2. Section 18–3–302, 8 C.R.S. (1985 Supp.).

3. The amended count to which the defendant entered his guilty plea named four children as victims of the defendant's illegal conduct—the victim named in 83CR102 as filed originally and, apparently, the three victims named in the three counts in 83CR478. The amended count alleged that between November 1, 1980, and August 31, 1982, the defendant knowingly subjected these four victims to sexual contact.

plus one year of parole. § 18–1–105(1)(a)(I), 8 C.R.S. (1985 Supp.). After conducting a two-day sentencing hearing, during which evidence was presented by both the prosecution and the defendant, the trial court imposed a sentence of eight years plus one year of parole pursuant to section 18–1–105(6). That provision allows a trial court to impose a sentence of up to twice the presumptive maximum or as low as one-half the presumptive minimum term prescribed for an offense if "it concludes that extraordinary mitigating or aggravating circumstances are present...." In concluding that a sentence in the aggravated range was warranted, the trial court made the following findings of extraordinary aggravating circumstances: (1) the crime involved violence and acts disclosing a high degree of cruelty and insensitivity; (2) the victims were particularly vulnerable to the acts of the defendant; (3) the defendant's misconduct involved multiple child victims; (4) the planning of the crimes revealed a clear pattern and premeditation; (5) the crime involved the infliction of emotional stress on the victims; and (6) the defendant took advantage of his position of a trusted neighbor and lured the victims into his home to commit the crimes.

Pursuant to section 18–1–409, 8 C.R.S. (1985 Supp.), the defendant sought review of the propriety of his sentence in the Court of Appeals. The defendant contended that the trial court abused its discretion in failing to indicate whether it had considered the defendant's character before determining the appropriate sentence and that the trial court's findings of extraordinary aggravating circumstances were not supported by the record. The Court of Appeals agreed, concluding that:

> although the record reflects numerous mitigating factors bearing upon the history and character of the defendant, the record is devoid of any finding indicating that the trial court considered the character of the defendant.... Moreover, there is nothing in the record nor in the trial court's findings to justify a sentence outside the presumptive range.

*People v. Walker,* No. 84CA0751, slip op. at 2 (citation omitted).

The People first contend that the Court of Appeals' reference to failure by the trial court to consider the defendant's character requires examination of the arguably conflicting holdings of *People v. Piro,* 671 P.2d 1341 (Colo.App.1983), and *People v. Bustamante,* 694 P.2d 879 (Colo.App.1984). The People urge this court to apply the *Bustamante* holding that not all factors relevant to imposition of a sentence need be discussed on the record by the sentencing judge. The People also assert that the record does show that the trial court considered the defendant's character in reaching its sentencing decision. The People finally contend that the defendant's sentence is supported by the record.

## I

The scheme of presumptive sentencing established by section 18–1–105 reflects the General Assembly's determination that sentencing of convicted felons must be guided by the multiple policy goals of providing appropriate punishment in relation to the seriousness of the offense, assuring fair and consistent treatment, acting as a deterrent and promoting rehabilitation. § 18–1–102.5, 8 C.R.S. (1985 Supp.); *Flower v. People,* 658 P.2d 266 (Colo.1983); *People v. Phillips,* 652 P.2d 575 (Colo.1982). Implementation of these policies in any particular case involves a complex process requiring a sentencing judge to exercise sound discretion in balancing various pertinent factors and " 'arrive at a synthesis which is reflective of the interests of society and the defendant.' " *People v. Scott,* 630 P.2d 615, 617 (Colo.1981) (quoting *People v. Scott,* 200 Colo. 402, 405, 615 P.2d 35, 36 (1980)); *see also Flower v. People,* 658 P.2d 266; *People v. Phillips,* 652 P.2d at 580 (Lohr, J., specially concurring); *People v. Beland,* 631 P.2d 1130 (Colo.1981).

The basic statutory scheme consists of defined presumptive ranges of sentences for the various classes of felonies and provisions authorizing sentences outside the presumptive range under special circum-

stances. *See Flower v. People*, 658 P.2d 266. Section 18–1–105(1)(b)(I) requires trial courts to consider certain particular factors when sentencing a defendant within a prescribed presumptive range:

> In imposing the sentence within the presumptive range, the court shall consider the nature and elements of the offense, the character and record of the offender, and all aggravating or mitigating circumstances surrounding the offense and the offender.[4]

Section 18–1–105(6) provides the following guidelines for the imposition of a sentence greater or lesser than that provided by the presumptive range if, due to the circumstances of the case, the sentencing judge determines that a sentence within the presumptive range may be inappropriately high or low:

> In imposing a sentence to incarceration, the court shall impose a definite sentence which is within the presumptive ranges ... unless it concludes that extraordinary mitigating or aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing....

We have held that when a sentencing court has considered the factors relevant to the sentencing decision and imposes a sentence to a correctional facility, it must "state on the record the basic reasons for imposing the sentence." *People v. Watkins*, 200 Colo. 163, 168, 613 P.2d 633, 637 (1980). The requirement of an express explanation for sentencing decisions serves such salutary purposes as aiding appellate review of a sentence, fostering rationality and consistency in the sentencing process, and providing information beneficial to both the defendant and correctional authorities. *See id.;* ABA Standards for Criminal

Justice § 18–6.6 commentary at 484 (2d ed. 1980). For similar reasons, no doubt, the General Assembly requires a trial court imposing a sentence outside the presumptive range to "make specific findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence." § 18–1–105(7).

In this case the record contains no express reference by the trial court to the defendant's character, one of the factors that must be considered by a trial court pursuant to section 18–1–105(1)(b)(I) in imposing a sentence within the presumptive range. In reversing the trial court's judgment, the Court of Appeals relied upon its decision in *People v. Piro*, 671 P.2d 1341 (Colo.App.1983). In *Piro*, the defendant had been sentenced to a term of incarceration above the applicable presumptive range. Noting that our decision in *Watkins* required the sentencing court to place on the record the basic reasons for its sentencing decision, the majority of a divided Court of Appeals panel determined that "appellate review of the propriety of a sentence outside the presumptive range requires sufficient findings by the trial court to demonstrate a threshold consideration of the factors set forth in § 18–1–105(1)(b) ... supplemented by sufficient findings pursuant to § 18–1–105(6)...." *Piro*, 671 P.2d at 1344. The majority in *Piro* then concluded that because the record there was "devoid of any finding indicating that the trial court considered the character of the defendant," the trial court's findings were insufficient to make an appellate determination as to the fairness of the sentence. *Id.*

In *People v. Bustamante*, 694 P.2d 879 (Colo.App.1984), a division of the Court of Appeals unanimously rejected the defendant's argument that, in view of *Piro*, all

---

4. Appellate review of a felony sentence involves similar concerns. Section 18–1–409(1), 8 C.R.S. (1985 Supp.), provides in part:

> [T]he person convicted shall have the right to one appellate review of the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based....

the factors listed in section 18–1–105(1)(b)(I) must be the subject of express findings before a trial court may impose a sentence outside the presumptive range. In *Bustamante,* the Court of Appeals noted that although section 18–1–105(1)(b)(I) directed a sentencing court to "consider" all of the factors therein enumerated, the statute did not require the sentencing court to expressly discuss each factor.

The two decisions of the Court of Appeals are not necessarily contradictory. In its most narrow light, *Piro* simply requires the record to contain some basis to permit an appellate court to verify on review that in imposing a sentence outside the presumptive range the sentencing judge considered the nature and elements of the offense and considered the character and record of the offender. In *People v. Phillips,* 652 P.2d 575, we pointed out that in any particular case the character and record of the offender could properly be considered an aggravating or mitigating circumstance and, therefore, was a category also available for the finding of extraordinary circumstances. *See also Flower v. People,* 658 P.2d 266.

■ Nothing in section 18–1–105(1)(b)(I) requires a sentencing judge, after having weighed the factors relevant to the sentencing decision, to engage in a point-by-point discussion of each and every one of these factors when it explains the sentence to be imposed. Indeed, it is of some significance that while section 18–1–105(7) requires a sentencing court to make "specific findings on the record ... detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence," section 18–1–105(1)(b)(I) does not impose a similar requirement that all the factors listed therein be the subject of specific findings by the sentencing court. Moreover, in *Watkins,* 200 Colo. 163, 613 P.2d 633, we noted that "[t]he statement of reasons need not be lengthy, but should include the primary factual considerations bearing on the judge's sentencing decision." 200 Colo. at 168, 613 P.2d at 637. Certainly the factors enumerated in section 18–1–105(1)(b)(I) must be considered by the trial court in arriving at any sentencing decision, within or without the applicable presumptive range. However, it is not necessary for the sentencing court to refer explicitly to each such factor. If the sentencing court reasonably explains the sentence imposed on the record, and if the record of the sentencing proceeding contains information permitting the conclusion that the sentencing judge did consider all essential factors as well as evidence supporting the reasons stated for the sentence, a sufficient basis for review is established. To the extent that *Piro,* 671 P.2d at 1344, may suggest that the statement of reasons for imposition of a sentence must contain an express recitation of each of the factors which must be considered by the trial court in imposing a sentence, it is disapproved.

■ The record in this case supports the conclusion that the trial court considered the defendant's character in reaching its sentencing decision. The trial court commented that the defendant was in fact a victim in this case, and also noted that an incident during the defendant's childhood where the defendant himself had been the victim of a sexual assault by an adult was an example of the immediate and future emotional stress such conduct could inflict on a victim. In addition, the trial court referred to the fact that the defendant took advantage of his position as a known and trusted neighbor to lure young children into his home. These statements are sufficient to establish that in spite of the absence of any specific reference to the defendant's character and history in the statement of reasons for the imposition of a sentence in the aggravated range, the trial court did perform the requisite duty of considering that factor in selecting the sentence actually imposed.

## II

The People also argue that the trial court's decision to sentence the defendant in the aggravated range was supported by

the record and, therefore, did not constitute an abuse of discretion. We agree.

A trial court may impose a sentence outside the applicable presumptive range pursuant to section 18–1–105(6) only if, based on evidence in the record of the sentencing hearing and the presentence report, extraordinary aggravating or mitigating circumstances are present. § 18–1–105(6); *see also People v. Vela*, 716 P.2d 150 (Colo. App.1985). We have indicated that the factors a trial court may weigh and consider as extraordinary aggravating or mitigating circumstances include:

> unusual aspects of the defendant's character, past conduct, habits, health, age, the events surrounding the crime, pattern of conduct which indicates whether [the defendant] is a serious danger to society, past convictions, and the possibility of rehabilitation.

*People v. Phillips*, 652 P.2d at 580.

■ The trial court here made several specific findings of fact detailing the circumstances it determined to be extraordinarily aggravating. Among those specific findings were the observations that the defendant's conduct and the count to which he pleaded guilty involved multiple victims. It is undisputed that over the course of twenty months the defendant committed five separate sexual assaults on four victims, ranging in age from four to nine years old. Testimony describing each assault was presented at the sentencing hearing. The fact that the defendant's conduct adversely impacted a number of persons was an appropriate matter for consideration as an extraordinary aggravating circumstance indicating that the defendant was "a serious danger to society." *People v. Phillips*, 652 P.2d at 580; *see People v. Abbott*, 690 P.2d 1263 (Colo.1984); *cf. People v. Lowery*, 642 P.2d 515 (Colo.1982) (consideration of other charges dismissed at the time of plea as a matter in aggravation is a proper exercise of a trial court's sentencing discretion). Because the presence of this factor is sufficient to justify a sentence in the aggravated range, we need not address the defendant's challenge to the sufficiency of other findings articulated by the trial court.

The defendant points out that testimony and psychological reports presented by the defendant's psychiatric therapist and by a psychologist who had evaluated the defendant indicated that the defendant himself had been abused as a child, that he had developed a strong resolve to deal with his problems, and that his conduct was the result of a treatable psychological disorder. The trial court considered this evidence; observed that in considering the sentencing goals of rehabilitation, punishment and deterrence it would strive to strike "a balance ... between the victims in this case and the accused as well as a balance between the rights of the accused and society in general"; and concluded that the goals of punishment and deterrence warranted the sentence imposed. Because the trial court's findings support that determination, and those findings are supported by the evidence, we conclude that the trial court did not abuse its discretion in imposing a sentence within the aggravated range.

The judgment of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for reinstatement of the sentence imposed by the trial court.