The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Richard C. **SELLERS,** Defendant–Appellant.

No. 87CA1441.

Colorado Court of Appeals, Div. I.

June 30, 1988.

Rehearing Denied July 21, 1988.

Certiorari Denied Oct. 11, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Paul H. Chan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Richard C. Sellers, appeals a sentence of twelve years imposed following his guilty plea to second degree burglary. He concedes that, at the time of sentencing, he was on probation for an Oregon felony conviction, but contends that because the same offense for which he was convicted in Oregon is classified as a misdemeanor in Colorado, the trial court erred in imposing a sentence in the aggravated range pursuant to § 18–1–105(9)(a)(III), C.R.S. (1986 Repl.Vol. 8B). Defendant also argues the court abused its discretion in failing to consider his potential for rehabilitation when imposing the sentence. We affirm.

In construing a statute to ascertain the intent of the General Assembly, terms should be given effect according to their plain and ordinary meaning, and the statute read and considered as a whole. *People v. District Court*, 713 P.2d 918 (Colo. 1986). Although the rule of lenity requires ambiguous criminal statutes to be narrowly construed in favor of the accused, *People v. Lowe*, 660 P.2d 1261 (Colo.1983), it is intended only to resolve a statutory ambiguity and is not applicable when the purpose of the legislative enactment is clear. *Felts v. County Court*, 725 P.2d 61 (Colo. App.1986).

Section 18–1–105(9)(a)(III), C.R.S. (1986 Repl.Vol. 8B), requires the trial court, when sentencing a defendant to incarceration, to impose a term beyond the presumptive range when, "[T]he defendant was on probation for another felony at the time of the commission of the felony." Contrary to defendant's argument, the language of this statute is unambiguous. There is no requirement that the previous felony be committed within this state or be classified as a felony offense by the Colorado General Assembly as a condition for imposition of an enhanced sentence. In contrast, § 18–1–105(9)(a)(V), C.R.S. (1986 Repl.Vol. 8B) specifically provides that an aggravated range sentence be imposed when a defendant, under confinement "within the state," commits a subsequent felony. Had the legislature intended the construction suggested by the defendant for subsection 9(a)(III), the words "within the state" would have been inserted as was done in subsection 9(a)(V).

Through the enactment of this statutory scheme, the General Assembly reasonably addressed the problem of recidivism by imposition of enhanced sentences to deter the commission of additional felonies. *See People v. Lacey*, 723 P.2d 111 (Colo.1986). In light of its purpose and the language used, the obvious meaning of this subsection is to subject all felony probationers sentenced to incarceration to a sentence in the aggravated range, regardless of the jurisdiction in which the felony conviction was entered and, if deemed a felony in another state, irrespective of the offense classification in Colorado.

We further perceive no abuse of discretion in the trial court's imposition of a twelve year sentence. The direct sentence to a community corrections facility demon-

strates that the court considered defendant's prospects for rehabilitation. This was balanced against society's interest in punishment and deterrence. The trial court stated on the record the basic reasons for the sentence it imposed. *People v. Walker*, 724 P.2d 666 (Colo.1986). Those reasons, together with defendant's ten year history of alcohol dependence and abuse, for which he sought no treatment, and his extensive criminal history, are all factors which support the sentence imposed. *See People v. Walker, supra.*

Sentence affirmed.

TURSI and PLANK, JJ., concur.