**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**James E. GLOVER, Defendant–Appellant.**

**No. 88CA0327.**

Colorado Court of Appeals, Div. C.

June 1, 1989.

Rehearing Denied June 29, 1989.

Certiorari Denied Oct. 16, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Barbara S. Blackman, Chief Appellate Deputy, Denver, for defendant-appellant.

Opinion by Judge STERNBERG.

The defendant, James E. Glover, appeals from the denial of his motion for post-conviction relief. We affirm.

Defendant was initially charged in Denver with aggravated robbery and a crime of violence. He subsequently entered a guilty plea to the aggravated robbery charge, and the second charge was dismissed. Prior to imposing sentence the trial court learned that defendant had previously been incarcerated in Texas, and upon his release had been placed on "mandatory supervision" pursuant to Texas law. This supervision period was due to expire on August 15, 1984, prior to his commission of the Colorado offenses. However, defendant left Texas before August 15, 1984, thereby violating a condition of his mandatory supervision.

At the sentencing hearing it was further revealed that, by the provision of Texas Crim.Proc.Code Ann. art. 42.12, § 21(b) (Vernon 1979), a term of mandatory supervision is tolled for any violation of the conditions imposed thereon. Because defendant's mandatory release period was tolled upon his leaving the state, the court determined that defendant's status at the time of the commission of the Colorado offense was that of an offender on parole. Accordingly, the court concluded that an aggravated range sentence for the aggravated robbery was mandated pursuant to § 18–1–105(9)(a)(II), C.R.S. (1986 Repl.Vol. 8B), and it sentenced defendant to a term of 14 years incarceration, 2 years beyond the presumptive range for this class 2 felony.

Defendant subsequently filed a motion for post-conviction relief, arguing that he was not actually on parole at the time he committed the robbery in Denver, but rather on mandatory supervision pursuant to Texas law. He therefore claimed that the imposition of an enhanced sentence based on § 18–1–105(9)(a)(II), C.R.S. (1986 Repl. Vol. 8B) was illegal.

■ Defendant's motion was denied. The trial court concluded that, regardless of the name used in Texas to denote defendant's post-incarceration release status, defendant's status at the time he committed the robbery was the equivalent of an offender on parole under Colorado law. Defendant now challenges this conclusion, maintaining that the sentence enhancement provision under which he was sentenced is inapplicable to a prisoner released on mandatory supervision. We disagree.

There are two post-incarceration supervised release programs under Texas law. The first, entitled "parole," provides for the release of a prisoner when his time served plus good conduct time equals one-third of the maximum sentence imposed or twenty years, whichever is less. Texas Crim.Proc.Code Ann. art. 42.12, § 15(b) (Vernon 1979). The second alternative, "mandatory supervision," allows for the release of a prisoner not on parole when the prisoner has served the maximum term of his sentence less good conduct time. Texas Crim.Proc.Code Ann. art. 42.12, § 15(c) (Vernon 1979).

An examination of these two release programs reveals they are strikingly similar. Both are administered by the same agency, with the same supervisory authority, and under the same procedures. *See* Texas Crim.Proc.Code Ann. art. 42.12, § 12 and § 15(c), (f), and (g) (Vernon 1979). The Board has the authority to impose post-release conditions on released offenders under both programs. Texas Crim.Proc.Code Ann. art. 42.12 § 15(g) (Vernon 1979). In addition, both groups of offenders remain in the legal custody of the institution from which they were released. Texas Crim. Proc.Code Ann. art. 42.12 §§ 15(c) and 15(f) (Vernon 1979). Moreover, the revocation procedures and the results of revocation for a violation of either program are identical. Texas Crim.Proc.Code Ann. art. 42.12 § 21 (Vernon 1979).

The only apparent difference between parole and mandatory supervision is the timing of the prisoner's release from incarceration. An offender released on parole has served only a portion of his sentence, while one released under mandatory supervision must have served the maximum term of his sentence. Subsequent to the release, however, we perceive no difference in the purpose underlying, or the administration of, the programs. This interpretation is bolstered by the language in the Texas statutory scheme which specifically provides that "[a] prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole." Texas Crim. Proc.Code Ann. art. 41.12, § 15(c) (Vernon 1979).

Because the two programs are virtually identical, we conclude that, subsequent to his release, the legal status of an offender on mandatory supervision is the substantive equivalent of a prisoner at liberty on parole. Hence, a prisoner released on mandatory supervision in Texas may be treated as if released on parole.

Defendant argues, nonetheless, that because the plain language of § 18–1–105(9)(a)(II), C.R.S. (1986 Repl.Vol. 8B) requires the imposition of an aggravated sentence only if a defendant was on "parole" for another felony when he committed the current offense, the General Assembly did not intend the enhancement provision to be applicable to an offender released under any program other than one entitled "parole." We find no merit in this contention.

■ "In statutory construction, legislative intent is the polestar," and a statute should not be construed in such a way as to defeat the obvious legislative objective. *People v. Lee*, 180 Colo. 376, 506 P.2d 136 (1973). *See* § 2–4–212, C.R.S. (1980 Repl. Vol. 1B). Contrary to the defendant's contention, we may not apply a rule of strict construction if, as here, the statute is not ambiguous. *See People v. Lowe*, 660 P.2d 1261 (Colo.1983). Finally, a statute must be read and considered as a whole and, if possible, interpreted to give consistent and sensible effect to all its parts. *People v. District Court*, 713 P.2d 918 (Colo.1986).

In enacting the subsections of § 18–1–105(9)(a), C.R.S. (1986 Repl.Vol. 8B), the General Assembly sought to address the problem of recidivism through a sentencing scheme which punishes more severely a previous offender who, at the time of his subsequent offense, remains under the jurisdiction of judicial or law enforcement authorities. *See People v. Lacey*, 723 P.2d 111 (Colo.1986); *People v. Sellers*, 762 P.2d 749 (Colo.App.1988).

It was precisely this situation which existed at the time defendant committed the Colorado offense. Defendant's legal position was, in substance, identical to that of a Colorado parolee, as he remained in the legal custody of the institution from which he was released. *See* § 17–2–207, C.R.S. (1986 Repl.Vol. 8A). The arguments raised by defendant to the contrary are distinctions without a difference. We therefore find no error in the imposition of an aggravated range sentence for an offender on mandatory supervision.

Sentence affirmed.

RULAND and ENOCH *, JJ., concur.