**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Ronald Lee SMITH, Defendant–
Appellant.**

**No. 91CA1975.**

Colorado Court of Appeals,
Div. III.

Jan. 27, 1994.

Rehearing Denied March 24, 1994.

Certiorari Denied Oct. 11, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Sally S. Townshend, Denver, for defendant-appellant.

Opinion by Judge REED.

Defendant, Ronald Lee Smith, appeals the judgments of conviction entered upon jury verdicts finding him guilty of attempted aggravated robbery, second degree kidnapping, first degree sexual assault, second degree assault, aggravated robbery, and crime of violence. He also appeals the 160–year cumulative sentence imposed. We affirm the judgments of conviction, vacate the consecu-

tive nature of three of the sentences, and remand for further proceedings.

After the charges had been filed in two separate informations, the matters came on for preliminary hearings. Although the public defender's office had been appointed to represent him, defendant chose to represent himself at those hearings. It is undisputed that defendant was permitted to do so only after the hearings judge questioned him to ascertain his ability for self-representation. However, no transcript of those portions of those proceedings has been made part of the record on appeal, and we do not know what advisement, if any, was given.

After defendant had been bound over, and at his first appearance in the trial court where the cases were consolidated, defendant indicated that he did want the assistance of counsel. Accordingly, the trial court re-appointed the public defender's office to represent him.

Shortly thereafter, defendant filed his pro se motion seeking appointment of new counsel and the discharge of those previously appointed for him. Defendant's dissatisfaction lay in a dispute as to what witnesses would be called on his behalf with defendant being absolutely adamant that he, and not his attorney, would make that determination.

At the hearing held on this motion, the trial court attempted repeatedly to explain to defendant that, under Colorado law, decisions concerning what defense witnesses to present are matters for defense counsel, rather than for the accused. On each of four attempts, when the court attempted to advise the defendant concerning this issue and as to waiver of counsel, defendant interrupted the court to such an extent that the court finally threatened to have him gagged.

The defendant then announced that he would proceed pro se rather than permit an attorney to decide who to call as witnesses, and pursuant to the defendant's election, the court relieved the public defender's office from further representation. It also warned the defendant against self-representation based upon the risks attendant thereto.

The court also found, in defendant's presence, that it had made every effort to advise him of the dangers and rights being lost by proceeding pro se, but that "Mr. Smith was more intent on interrupting the Court and being discourteous. Therefore, a proper advice was not possible." These findings were not disputed by defendant.

The court simultaneously gave to defendant a seven-page form entitled "Advisement of Pro Se Defendant." The form gave extensive advisement and explained the trial procedure, but some of its blanks were not filled in, including those setting forth the charges defendant faced and the penalties therefor. The court further stated, upon a duplicate of the form which it made part of the record, that defendant had refused oral advisement.

Five days later, the trial court appointed private counsel to serve as advisory counsel to the defendant. This written order also found that the defendant had elected to represent himself, had disagreed with the law concerning trial decisions, and had refused even to listen to the court's advice concerning waiver of counsel.

Sixty days thereafter, and after pre-trial motions hearings, the matter came on for a jury trial before a different judge. The trial court again questioned the defendant about his decision to proceed pro se with advisory counsel only. Although the defendant expressed his desire to be represented fully by an attorney, he declined the court's offer to appoint such counsel for him because he did not wish to delay the trial. When, in order to avoid delay, the trial court offered to appoint the advisory counsel to serve as his trial attorney, rather than in merely an advisory role, defendant refused the offer because he thought that he, personally, would be more forceful. He did not, however, express any dissatisfaction with the abilities of advisory counsel.

## I.

Defendant contends that he was denied his constitutional right to counsel. He argues that he did not voluntarily, knowingly, and intelligently waive his right to counsel. We disagree.

The Sixth Amendment guarantees an accused right to counsel. *People v. Arguello*, 772 P.2d 87 (Colo.1989). However, that right to counsel may be waived. A waiver may take the form of an express statement by the accused of his intent to relinquish the benefit of counsel or may be implied from the circumstances of the case. *King v. People*, 728 P.2d 1264 (Colo.1986).

The validity of the waiver must be determined on the basis of the particular facts and circumstances of the case, including the background, experience, and conduct of the defendant. Although a defendant may elect to waive the right to counsel in favor of self-representation, it is the responsibility of the court to ascertain that the defendant has been made aware of the dangers and disadvantages of self-representation. *King v. People, supra*.

The court should indulge every reasonable presumption against waiver of counsel. To this end, even though a waiver of counsel is voluntary, the court has the duty to make inquiry of the defendant upon the record to ascertain whether the waiver is intelligently and knowingly made. *People v. Haynie*, 826 P.2d 371 (Colo.App.1991).

As used in this determination, the term "intelligently" does not refer to the wisdom of the waiver. Rather, the court must honor a defendant's request for self-representation as long as the court is satisfied that the defendant knows what he is doing and that his choice is made with eyes open to the consequences. *People v. Lucero*, 200 Colo. 335, 615 P.2d 660 (1980).

For a waiver to be knowing and intelligent, it is usually essential that the defendant understands the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, the possible defenses to the charges, and the circumstances of mitigation. He should further have a broad understanding of the whole matter. *See People v. Arguello, supra*.

Thus, the trial court should conduct a specific colloquy with defendant upon the record as to each of these areas to ensure that defendant is voluntarily, knowingly, and intelligently waiving his right to counsel. However, the trial court's failure to comply substantially with this requirement does not automatically render the waiver invalid. And, while these exceptions are rare, a waiver may be valid without this extensive colloquy based upon the advisement given and the totality of the circumstances in the whole record. *People v. Arguello, supra*.

It is the defendant's understanding of the consequences of his waiver of counsel and of the dangers of self-representation that is important. Accordingly, it is appropriate that consideration be given to his background, experience, and conduct. *People v. Arguello, supra*. And, any shortcomings in the trial court's advisement, at the time when it allowed the withdrawal of counsel, may be cured by defendant's subsequent affirmation of his desire of self-representation after he has become acquainted with the complexities of his case. *Reliford v. People*, 195 Colo. 549, 579 P.2d 1145 (1978).

Additionally, a defendant may be found to have waived his right to counsel by his own disruptive or uncooperative conduct. *People v. Arguello, supra*.

Under the rare and exceptional circumstances presented by the record here, we have no hesitancy in concluding that a valid waiver of defendant's right to counsel was effectuated, notwithstanding the lack of specific colloquy as to each of the areas of inquiry set forth in *Arguello*.

It is not contended that defendant did not understand the nature of the charges against him, his right against self-incrimination, and his right to counsel. This advisement is required by the Crim.P. 5 proceeding held herein.

Certainly, the trial court expressed to the defendant, at the time of the hearing, the disadvantages and risks of self-representation. Additionally, even though the specific charges and penalties therefor were omitted, the seven-page advisement form given to defendant supplied information concerning many of the areas recommended in *Arguello*.

The hearing colloquy also did not include an inquiry of defendant's legal training or

schooling. The trial court's file does contain, however, information concerning defendant's eligibility for a personal recognizance bond which reflects that he had attended school into the third year of college. Also, the record shows that defendant was not unfamiliar with the criminal process. He had sustained several felony convictions and had served a lengthy prison sentence for kidnapping and sexual assault (two of the crimes charged here).

While no inquiry was made as to whether defendant was imbibing alcohol or drugs at the time of his waiver, the record reveals that defendant was then incarcerated and that he expressed himself to the court in a very articulate, if defiant, manner.

Accordingly, we conclude that defendant voluntarily, knowingly, and intelligently waived his right to counsel. The record clearly demonstrates that he did so in order that he, not counsel, could determine his trial strategy, including the choice of witnesses. Moreover, we note the finding by the trial court, after trial, that defendant had done a very commendable job in representing himself.

We further conclude, under the exceptional facts of the case, that any shortcoming in the trial court's colloquy and advisement was the result of defendant's obstreperous and disruptive conduct and that he is precluded now from complaint concerning the same. *See People v. Lucero, supra.*

## II.

■ Defendant also contends that the aggravated sentence for second degree kidnapping must be vacated because he was not charged with a crime of violence for that offense pursuant to § 16–11–309(1)(a), C.R.S. (1993 Cum.Supp.). We conclude that the trial court found sufficient aggravating factors to support its 48–year sentence for second degree kidnapping.

■ A trial court may impose a sentence outside the applicable presumptive range only if, based on evidence in the record of the sentencing hearing and the presentence report, extraordinary aggravating or mitigating circumstances are present. *People v. Walker,* 724 P.2d 666 (Colo.1986).

■ The circumstances of the crime and the offender's past criminal record may justify the imposition of a lengthy sentence. *People v. Vigil,* 718 P.2d 496 (Colo.1986). And, an extended term of confinement is sometimes necessary in order to protect the public from further criminal activity by the offender and to provide adequately for individual deterrence and correction. *Flower v. People,* 658 P.2d 266 (Colo.1983).

In sentencing defendant, the trial court here considered the appropriate factors and arrived at a synthesis which is reflective of the interest of society and the defendant. *See People v. Martinez,* 628 P.2d 608 (Colo. 1981).

The offense for which the defendant was convicted was one of a series of attacks on women. The sentencing court, in considering defendant's felony record, noted that he had been on probation and parole for prior offenses. The trial court also considered the use of a knife during the commission of these offenses as being an aggravating factor. Based upon all the circumstances, the court determined that it must protect society from the defendant by the imposition of the maximum sentence.

Although the defendant was not charged with a crime of violence for second degree kidnapping, the jury did find him guilty of the offense. Independent of this circumstance, however, the other aggravating factors enumerated by the trial court adequately support the 48–year sentence for second degree kidnapping. *See People v. Broga,* 750 P.2d 59 (Colo.1988) (only one factor needs to be legitimate to support sentence imposed).

Under these circumstances, we conclude that the trial court adequately justified its sentence on the record and the record supports the trial court.

## III.

■ We agree with the defendant that the trial court was not required, as a matter of law, to impose consecutive sentences for all five offenses.

Here, the trial court believed that it was required to impose consecutive sentences pursuant to § 16–11–309, C.R.S. (1993 Cum. Supp.). The People now concede on appeal that consecutive sentences for all five offenses are not mandated, but contend that the sentences should be affirmed as being within the trial court's discretion. Because the trial court did not impose the sentences upon that basis, we disagree.

Section 16–11–309 requires consecutive sentences only for separate crimes of violence *arising out of the same incident.* Here, there were two different victims in offenses separated both by time and physical location with no real nexus between them.

Four convictions relate solely to the second offense, *i.e.,* second degree kidnapping, first degree sexual assault, second degree assault, and aggravated robbery. No crime of violence count was filed as to any of these four charges. And, of them, only aggravated robbery, § 18–4–302(1)(b), C.R.S. (1986 Repl. Vol. 8B), and second degree assault, § 18–3–203(1)(b), C.R.S. (1986 Repl.Vol. 8B) require, by their terms, sentencing consecutive to each other pursuant to § 16–11–309.

Except for those two offenses, whether consecutive sentences should be imposed for any separate offense rests in the sound discretion of the sentencing court, *see People v. Baker,* 703 P.2d 631 (Colo.App.1985), unless concurrent sentences are required because the offenses are supported only by identical evidence. *Qureshi v. District Court,* 727 P.2d 45 (Colo.1986).

Hence, the consecutive sentences imposed for aggravated robbery and second degree assault are proper and will not be disturbed. However, because the trial court mistakenly believed that consecutive sentences were dictated as to *all* offenses under § 16–11–309, that portion of the court's sentence which ordered the sentences for attempted aggravated robbery, second degree kidnapping, and first degree sexual assault also to be served consecutively must be vacated for reconsideration based upon the trial court's discretion. *People v. Luu,* 813 P.2d 826 (Colo.App.1991), *aff'd on other grounds,* 841 P.2d 271 (Colo.1992).

The other contentions of defendant have been considered and are without merit.

The judgments of conviction are affirmed. The sentences for aggravated robbery and second degree assault are affirmed. The portions of the court's sentence in regard to attempted aggravated robbery, second degree kidnapping, and first degree sexual assault which require such sentences to be served consecutively are vacated, and the cause is remanded for resentencing as to the concurrent or consecutive nature of those sentences consistent herewith.

CRISWELL and NEY, JJ., concur.