**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kelley L. BRADBURY, Defendant–Appellant.**

No. 01CA0541.

Colorado Court of Appeals, Div. I.

Sept. 12, 2002.

As Modified on Denial of Rehearing Nov. 7, 2002.

Certiorari Denied April 28, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Kelley L. Bradbury, appeals from the order denying her Crim. P. 35(a) motion for postconviction relief. We affirm.

In 1997, defendant pled guilty to one count of theft, a class four felony. The plea agreement provided that sentencing would be "open."

Because defendant was on bond in connection with other felony charges at the time of her offense, pursuant to § 18–1–105(9.5)(a), C.R.S.2001, the trial court was required to sentence her "to a term of at least the minimum in the presumptive range but not more than twice the maximum term authorized in the presumptive range." The presumptive range for defendant's offense was two to six years, and the trial court sentenced her to an eight-year term of imprisonment in November 1997.

Defendant did not appeal her conviction or sentence, which therefore became final. In 2001, she filed a "Motion to Correct Illegal Sentence Pursuant to Crim. P. 35(a)," which the trial court denied.

## I.

Relying on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), defendant contends that the trial court violated her due process rights by im-

posing an aggravated range sentence. Specifically, she urges that her sentence is improper because the statutory aggravating factor, her bond status, was not charged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. Because we agree with the People that the rule announced in *Apprendi* does not apply retroactively to convictions that were already final when the Supreme Court issued its opinion, we find no basis for reversal.

In *Apprendi,* the defendant pled guilty to possession of a firearm for an unlawful purpose, a crime that carried a potential sentence of five to ten years imprisonment. After the trial court accepted the defendant's plea, but before it imposed the sentence, the prosecution filed a motion to enhance the sentence pursuant to a "hate crime" statute that permitted a sentence of ten to twenty years incarceration if the crime had been committed as a result of racial bias. Following a hearing, the trial court found, under a preponderance of the evidence standard, that the defendant's crime had been motivated by racial bias. The court then sentenced the defendant to twenty years of imprisonment.

The United States Supreme Court reversed, concluding that the New Jersey statutory sentencing scheme was unconstitutional because it allowed an increased penalty based upon a fact neither charged in the charging documents nor submitted to the jury for a finding beyond a reasonable doubt. The Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

Whether the Supreme Court's holding in *Apprendi* applies retroactively to convictions that became final before that opinion was announced is an issue of first impression in Colorado.

The leading Supreme Court decision on retroactivity in this context is *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In *Teague,* the Court held that a new constitutional rule of criminal procedure will not apply retroactively to cases on collateral review unless the new rule falls within one of two exceptions. Relevant here is the exception permitting "watershed" rules to be retroactively applied. Such rules are those that implicate both the accuracy and fundamental fairness of criminal proceedings, and, in addition, " 'alter our understanding of the bedrock procedural elements' essential to the fairness of a proceeding." *Sawyer v. Smith,* 497 U.S. 227, 242, 110 S.Ct. 2822, 2831, 111 L.Ed.2d 193, 211 (1990)(quoting *Teague* and *Mackey v. United States,* 401 U.S. 667, 693, 91 S.Ct. 1160, 1165, 28 L.Ed.2d 404, 421 (1971) (Harlan, J., concurring)).

All the federal circuit courts of appeals that have addressed the issue have concluded that under the *Teague* analysis, *Apprendi* does not apply retroactively to cases on collateral review. *See Sustache–Rivera v. United States,* 221 F.3d 8 (1st Cir.2000); *Forbes v. United States,* 262 F.3d 143 (2d Cir.2001); *In re Turner,* 267 F.3d 225 (3rd Cir.2001); *United States v. Sanders,* 247 F.3d 139 (4th Cir.2001); *In re Clemmons,* 259 F.3d 489 (6th Cir.2001); *Talbott v. Indiana,* 226 F.3d 866 (7th Cir.2000); *United States v. Moss,* 252 F.3d 993 (8th Cir.2001); *Jones v. Smith,* 231 F.3d 1227 (9th Cir.2000); *Browning v. United States,* 241 F.3d 1262 (10th Cir.2001); *McCoy v. United States,* 266 F.3d 1245 (11th Cir.2001).

While a few reported federal district court decisions reached the opposite conclusion, those holdings would appear to have been either expressly or implicitly overruled by later federal court of appeals decisions within the same circuit. *See, e.g., Darity v. United States,* 124 F.Supp.2d 355 (W.D.N.C.2000), *overruled by United States v. Sanders, supra.*

Most state appellate courts that have addressed the issue have similarly held that *Apprendi* does not apply to collateral post-conviction cases where the conviction and sentence were final when the Supreme Court announced its decision in *Apprendi. See Poole v. State,* 837 So.2d 885 (Ala.Crim.App. 2001); *State v. Sepulveda,* 201 Ariz. 158, 32 P.3d 1085 (Ariz.Ct.App.2001); *People v. Gholston,* 332 Ill.App.3d 179, 265 Ill.Dec. 509,

772 N.E.2d 880 (2002); *Whisler v. State*, 36 P.3d 290 (Kan.2001). *But see People v. Beachem*, 317 Ill.App.3d 693, 251 Ill.Dec. 308, 740 N.E.2d 389 (2000).

### A.

Defendant asserts that the analysis in *Teague* does not apply and that *Apprendi* must be given retroactive effect because the Supreme Court did not pronounce a new rule of criminal procedure, but instead merely clarified existing law. We are not persuaded.

In making this argument, defendant relies on *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 113 (Colo.1992). In that civil case, the Colorado Supreme Court indicated that "[t]o establish a new rule of law, a judicial decision must either overrule clear past precedent on which the litigants may have relied or must resolve an issue of first impression not clearly foreshadowed by prior precedent."

As Justice Erickson pointed out in his concurring and dissenting opinion in *Martin Marietta*, however, unless they fall within one of the exceptions recognized in *Teague v. Lane, supra*, new constitutional rules of *criminal* procedure are not applicable to cases that have become final before the new rules are announced. *Martin Marietta Corp. v. Lorenz, supra*, 823 P.2d at 119 n. 2 (Erickson, J., concurring in part and dissenting in part).

In *Teague v. Lane, supra*, the Supreme Court explained that a "new rule" is generally one that "breaks new ground or imposes a new obligation" on the states or federal government or that requires a result "not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane, supra*, 489 U.S. at 301, 109 S.Ct. at 1070, 103 L.Ed.2d at 349.

We conclude that under either the definition in *Teague* or that in *Martin Marietta*, *Apprendi* established a new rule. The *Apprendi* Court imposed a new obligation by mandating that a jury, rather than a judge, must decide any facts (other than the fact of a prior conviction) that increase the penalty for a crime beyond the statutory maximum, and must find such facts beyond a reasonable doubt.

Before *Apprendi*, case law allowed various facts relevant to sentencing, including statutory penalty enhancers, to be determined by a court, rather than a jury, so long as such facts were considered to be sentencing factors as opposed to elements of the offense. *See, e.g., United States v. Grimaldo*, 214 F.3d 967 (8th Cir.2000)(upholding constitutionality of procedure allowing judges to decide facts that qualified as sentencing factors).

The *Apprendi* decision had the effect of overriding a widespread practice of allowing judges to decide numerous sentencing factors by a preponderance of the evidence. As such, we agree with the People and the majority of courts in other jurisdictions that *Apprendi* established a new rule of constitutional criminal procedure. *See United States v. Moss, supra; Jones v. Smith, supra; see also Poole v. State, supra* (collecting cases).

### B.

We also reject defendant's assertion that the *Teague* analysis should not apply here because *Apprendi* involved a matter of substantive law, not a procedural rule.

While there appear to be no United States Supreme Court decisions adopting a different analysis for substantive criminal matters, some courts have held that if a new constitutional pronouncement is substantive, it is generally presumed to apply retroactively to cases on collateral review. *See United States v. Mandanici*, 205 F.3d 519, 525 (2d Cir. 2000).

Substantive law encompasses matters such as defining criminal conduct, while procedural law encompasses "the process by which offenders are brought to justice." *Whisler v. State, supra*, 36 P.3d at 296 (citing *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), as example of a profound criminal matter that may nevertheless be categorized as procedural).

The Supreme Court in *Apprendi* focused on the procedural aspects of the New Jersey hate crime statute under consideration:

[A]lthough the constitutionality of basing an enhanced sentence on racial bias was argued in the New Jersey courts, that issue was not raised here. *The substantive basis for New Jersey's enhancement is thus not at issue; the adequacy of New Jersey's procedure is.* The strength of the state interests that are served by the hate crime legislation has no more bearing on *this procedural question* than the strength of the interests served by other provisions of the criminal code.

*Apprendi v. New Jersey, supra,* 530 U.S. at 475, 120 S.Ct. at 2354, 147 L.Ed.2d at 445–46 (footnote omitted; emphasis added).

Further, the Court expressly worded its holding in terms of "procedure." *Apprendi, supra,* 530 U.S. at 497, 120 S.Ct. at 2366, 147 L.Ed.2d at 459.

Every federal appellate opinion that has addressed the issue has concluded that *Apprendi* establishes a rule of constitutional criminal procedure. *See Whisler v. State, supra* (collecting cases). Further, defendant has not cited, nor are we aware of, any state appellate opinions concluding that the *Apprendi* holding is a matter of substantive law.

As defendant points out, some federal district courts have held that *Apprendi* establishes substantive law and should therefore be applied retroactively. The reasoning in those cases is that the Supreme Court effectively added substantive elements to the criminal statutes at issue. *United States v. Hernandez,* 137 F.Supp.2d 919 (N.D.Ohio 2001). These decisions, however, would appear to have been effectively overruled by appellate decisions in the respective federal circuits. *See In re Clemmons, supra* (*Apprendi* does not apply retroactively unless and until Supreme Court so holds); *Forbes v. United States, supra* (*Apprendi* not retroactive on collateral review).

The courts that have concluded the *Apprendi* holding is procedural rather than substantive have either relied on the language in that opinion quoted above, *see, e.g., United States v. Sanders, supra,* or have focused on the fact that *Apprendi* merely concerns the method by which a fact finder addresses sentencing decisions, *see Ware v. United States,* 124 F.Supp.2d 590 (M.D.Tenn.2000).

We agree with the analysis and holdings in those cases. Accordingly, we too conclude that the *Apprendi* holding is procedural rather than substantive and that the analysis in *Teague v. Lane, supra,* thus applies.

## C.

We next reject defendant's additional assertion that because the Colorado appellate courts have not yet expressly adopted the *Teague* analysis, we should decline to do so here.

In determining the retroactive application of a new rule of constitutional criminal procedure, the Colorado courts have "consistently followed the lead of the United States Supreme Court." *People v. Timmons,* 690 P.2d 213, 215 (Colo.1984). We see no compelling reason to decline to do so here.

## D.

■ Applying the *Teague* analysis, we now address the issue of *Apprendi's* retroactivity to cases under collateral review.

As discussed, under *Teague,* new constitutional rules of criminal procedure cannot be applied retroactively to cases on collateral review unless they fall within one of two exceptions.

The first exception is where the new rule forbids criminal punishment of certain kinds of conduct. That exception is not relevant here. The second exception, as noted, permits "watershed" rules, those which "implicate the fundamental fairness of the trial," to be raised collaterally and applied retroactively. *Teague v. Lane, supra* 489 U.S. at 312, 109 S.Ct. at 1076, 103 L.Ed.2d at 357.

■ To be of "watershed" magnitude, a rule must do more than simply break new ground or impose a new obligation on the states or the federal government. The Supreme Court has described such rules as a "small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty." *O'Dell v. Netherland,* 521 U.S. 151, 157, 117 S.Ct. 1969, 1973, 138 L.Ed.2d 351, 358 (1997)(quoting

*Graham v. Collins,* 506 U.S. 461, 478, 113 S.Ct. 892, 903, 122 L.Ed.2d 260, 276 (1993)).

The Court has repeatedly emphasized the rarity of such watershed rules of procedure and has even stated it is unlikely that many such rules remain undiscovered. *Tyler v. Cain,* 533 U.S. 656, 662 n. 7, 121 S.Ct. 2478, 2484, 150 L.Ed.2d 632, 645 (2001). Notably, since it announced *Teague,* the Court has found no new constitutional rules that fall within this second exception. *See United States v. Mandanici, supra* (identifying "at least eleven" new procedural rules that have not been given retroactive effect by the Supreme Court under the second *Teague* exception).

■ In *Teague,* the Court explained that rules regarding accuracy of the criminal proceeding rise to the "watershed" level only when they derive from the ideal of assuring that a defendant is not incarcerated under a procedure which creates "an impermissibly large risk that the ·innocent will be *convicted." Teague v. Lane, supra,* 489 U.S. at 312, 109 S.Ct. at 1076, 103 L.Ed.2d at 357 (emphasis added). The exception therefore applies only to those procedures without which "the likelihood of an accurate conviction is seriously diminished." *Teague, supra,* 489 U.S. at 313, 109 S.Ct. at 1077, 103 L.Ed.2d at 358.

As most courts have concluded, *Apprendi* does not alter our basic understanding of the bedrock procedural requirements essential to a fair proceeding. In *United States v. Moss, supra,* 252 F.3d at 999, the Eighth Circuit Court of Appeals stated that *Apprendi* "appears no more 'important' to a fair trial" than other rules addressed by the Supreme Court, including that announced in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, (1986), which the Supreme Court declined to apply retroactively in *Teague.* Further, as the Fifth Circuit Court of Appeals pointed out in *United States v. Shunk,* 113 F.3d 31, 37 (5th Cir.1997), "one can easily envision a system of 'ordered liberty' in which certain elements of a crime can or must be proved to a judge, not to the jury."

Accordingly, we conclude, as have the vast majority of courts, that *Apprendi* does not

establish a watershed rule to be accorded retroactivity in collateral review proceedings.

Finally, we find nothing in the Supreme Court's opinions in *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), that would either compel or suggest a contrary holding.

In light of our resolution of this issue, we need not address the People's contentions that defendant's claims are time barred under Crim. P. 35(a) and (c) or under §§ 16–5–402 and 18–1–410(1)(f)(II), C.R.S.2001.

## II.

■ Defendant next contends the trial court erred by sentencing her in the aggravated range, because it failed to make specific findings on the record detailing the extraordinary circumstances for imposing a sentence outside the presumptive sentencing range, as required by § 18–1–105(7), C.R.S. 2001. We find no error.

■ A trial court imposing a sentence outside the presumptive range must "make specific findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence." Section 18–1–105(7); *People v. Walker,* 724 P.2d 666, 668 (Colo.1986). This requirement is satisfied if the record demonstrates that the sentencing court·reasonably explained the sentence imposed, evaluated the essential factors, and considered the evidence supporting the sentence. *People v. Walker, supra,* 724 P.2d at 669.

Here, the presumptive range for sentencing was two to six years in the Department of Corrections. As discussed, however, under § 18–1–105(9.5)(a), defendant was subject to an aggravated sentence of up to twelve years because at the time she committed the offense, she was on bond for a previous felony for which she was later convicted. The court expressly relied on that statutory sentence enhancing factor and also noted, "when [defendant] gets the opportunity to make it right, she makes it worse."

The court thus stated on the record the specific reasons for sentencing defendant in the aggravated range. We therefore find no error.

The order is affirmed.

Judge METZGER and Judge ROTHENBERG, concur.