**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CONRAD LUCERO,

    Petitioner - Appellant,

v.

GARY GOLDER; COLORADO
ATTORNEY GENERAL,

    Respondents - Appellees.

No. 04-1165
(D. Colorado)
(D.Ct. No. 03-Z-2424)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

[*] This order is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

Conrad Lucero, acting pro se,[1] requests a certificate of appealability (COA)[2] to enable an appeal of the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254.[3] Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we see no basis for an appeal and DENY a COA.

According to Lucero, he pled guilty on March 19, 1993, to second degree murder, a class 2 felony, in violation of COLO. REV. STAT. § 18-3-103 (1992),[4] for which the presumptive range of sentence was eight to twenty-four years imprisonment. § 18-1-105(1)(a)(IV). The sentencing judge enhanced his sentence to forty years imprisonment:

> The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice

---

[1] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] "Unless a circuit justice or judge issues a certificate of appealability [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court . . . ." 28 U.S.C. § 2253(c)(1)(A).

[3] In his request for a COA, Lucero raises claims not presented in his habeas petition, to wit, that the plea agreement under which he pled guilty was illegal, that his plea was unknowing and involuntary and that trial counsel rendered ineffective assistance by threatening and coercing him. We decline to consider these claims inasmuch as they were not presented to the district court. *Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir. 1992).

[4] All Colorado statutory references are to the 1992 version of the Colorado Revised Statutes.

the maximum term authorized in the presumptive range for the punishment of a felony:

(I) The defendant is convicted of a crime of violence under section 16-11-309, C.R.S.. . . .

§ 18-1-105(9)(a).[5]  Murder is a crime of violence.  § 16-11-309(2)(a)(I).

Lucero's sentence was affirmed on direct appeal.  *State v. Lucero,* No. 93CA1726 (Colo. Ct. App. July 13, 1995), *cert. denied,* No. 95SC585 (Colo. Dec. 26, 1995).  He twice moved for and was denied post-conviction relief.  Each denial was affirmed on appeal.  *See State v. Lucero,* No. 00CA0633 (Colo. Ct. App. May 24, 2001); *State v. Lucero,* No. 01CA2555 (Colo. Ct. App. Mar. 27, 2003), *cert. denied,* No. 03SC316 (Colo. Aug. 18, 2003).

In his second motion for post-conviction relief, Lucero claimed his sentence was unconstitutional because a judge, not a jury, made the factual determinations necessary to enhance his sentence in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

---

[5]*See also* COLO. REV. STAT. § 16-11-309(1)(a) ("Any person convicted of a crime of violence shall be sentenced pursuant to section 18-1-105(9), C.R.S., to a term of incarceration of at least the midpoint in the presumptive range, but not more than twice the maximum term, provided for such offense in section 18-1-105(1)(a), C.R.S. . . . ").

He makes the same claim in his habeas petition filed December 2, 2003.[6] The

Colorado Court of Appeals denied relief on the ground *Apprendi* was not

retroactively applicable to cases on collateral review (citing to *People v.*

*Bradbury,* 68 P.3d 494 (Colo. Ct. App. 2002)). Applying § 2254(d) deference to

the state court decision,[7] the district court denied habeas relief for the same

reason (citing to *United States v. Mora,* 293 F.3d 1213, 1219 (10th Cir.), *cert.*

*denied*, 537 U.S. 961 (2002)), and denied a COA.

A COA is a jurisdictional pre-requisite to our review. One may issue only

"if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The petitioner must demonstrate that reasonable jurists would find the court's

assessment of the claims debatable or wrong. *Id.* at 327 (citing to *Slack v.*

---

[6]Although Lucero states three separate claims in his habeas petition (aggravated sentence is unconstitutional; § 18-1-105(9) is unconstitutional; characterization of § 18-3-103 as a crime of violence under § 16-11-309 is unconstitutional), we agree with the district court that each claim is based on *Apprendi.*

[7]    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

28 U.S.C. § 2254(d)(1).

*McDaniel*, 529 U.S. 473, 484 (2000)).[8]  In reviewing for a COA, we are forbidden

from giving full consideration to the factual or legal bases urged in support of the

claims.  To the contrary, we overview the claims and make a general assessment

of their merit.  *Id.* at 336.  Although petitioner, in requesting a COA, is not

required to prove the merits of the case, the threshold of proof is higher than good

faith or lack of frivolity.  *Id.* at 338.

> We agree with the district court that *Mora* is dispositive:
>
> *Apprendi* clarifies that certain questions that were previously thought
> to be properly determined by the court must now be proved to a jury
> beyond a reasonable doubt.  While this rule arguably increases the
> accuracy of convictions, it is a rule that simply shifts the fact-finding
> duties from an impartial judge to a jury.

293 F.3d 1213, 1219 (quotation marks omitted).  "*[A]pprendi* is not a watershed

decision and hence is not retroactively applicable to initial habeas petitions."  *Id.*

This being so, there can be no debate as to the district court's resolution of

---

[8]"[Lucero's] arguments ultimately must be assessed under the deferential standard required by 28 U.S.C. § 2254(d)(1) . . . ."  *Tennard v.Dretke,* ___ U.S. ___, 124 S.Ct. 2562, 2569 (2004).  *See also Dockins v. Hines,* 374 F.3d 935, 938 (2004) (The "deferential treatment of state court decisions [under § 2254(d)(1)] must be incorporated into our consideration of a habeas petitioner's request for COA.").

Lucero's claims.  We DENY the request for COA and DISMISS the appeal.[9]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[9]Lucero has moved for leave to proceed on appeal in forma pauperis.  *See* 28 U.S.C. § 1915(a)(1); FED. R. APP. P. 24(a)(5).  The district court denied a similar motion.  *See* § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  Because Lucero has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991), we deny his renewed motion and order Lucero to pay all appellate filing fees as directed by the Clerk of Court.